

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**JORDAN SCHNEIDER**
**Administrative Law and**
**Regulatory Litigation Division**
**jschneid@law.nyc.gov**
**(212) 356-2180**

July 20, 2026

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *The City of New York v. Yazam Inc. d/b/a Empower, et al.*, 26-cv-03632

Dear Judge Ramos:

I am an attorney in the Office of Steven Banks, Corporation Counsel of the City of New York, counsel for Plaintiff the City of New York ("City") in the above-referenced action. Plaintiff submits this letter in opposition to Defendants' letter motion requesting leave to submit a sur-reply to Plaintiff's motion for a preliminary injunction.

The purported topic of the requested sur-reply, which was requested over a week after Plaintiff submitted its reply memorandum and already submitted a courtesy copy of the motion papers to the Court, does not address, as Defendants contend, "a material issue." Defs.' Letter Motion, ECF No. 37, at 3. As the City noted in its reply memorandum, Defendants' point with respect to offering to pay taxes and surcharges on their rides "belies the purpose of the City's lawsuit." Pl.'s Reply Memorandum, ECF No. 36, at 9-10. Defendants cannot make purported "offers" that would absolve them of some of the regulatory requirements that they would otherwise be  required to comply with if they just obtained the necessary licenses. Thus, Defendants' purported "offers" are meaningless and have no bearing on the irreparable harm being suffered by Plaintiff as a result of Defendants' continued illegal conduct. Further, as explained in the City's motion to remand this action back to state court, any payment of taxes is made pursuant to state law and such payments are collected by the state, see ECF No. 15 at 6-7, which makes Defendants' purported "offers" disingenuous and, again, immaterial to the issues at hand.

Defendants' only support for their need of a sur-reply is a surreptitious and undisclosed recording of a March 31, 2026, meeting between the parties held at the request of Defendant Sear for the sole purpose of learning about TLC's for-hire licensing processes and requirements. Nevertheless, as Defendants' Exhibit A shows, TLC officials did not expressly state that they were "not interested" in the "offer" as Defendant Sear alleges, see Sear Decl., ECF No. 19-1, at ¶ 13, but rather that they did not intend for the meeting to be about remittance of taxes and fees. Indeed, the recording further shows that TLC officials quickly changed the subject back to the actual topic of for-hire licensing requirements. That Deputy General Counsel Hartwell could not recall an off-hand and off-topic remark made at the very beginning of the meeting, which she did not have the benefit of a recording (nor was anyone from the City aware that such meeting was recorded), does not support Defendants' contentions given the context of the true subject of the meeting.

Finally, the City continues to dispute that Defendants have made multiple such "offers" and Defendants do not rebut this contention in their letter motion. Nor do Defendants attempt to bolster their unsupported statements related to "offers" of providing trip data to TLC. Accordingly, Defendants' allegations of purported "offers" have overall been shown to be, at best, exaggerated.

For the reasons set forth above, Plaintiff opposes Defendants' request to submit a sur-reply to Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

/s/

Jordan Schneider
Assistant Corporation Counsel

cc:    Counsel for Defendants (by ECF)