AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

THE CITY OF NEW YORK

*Plaintiff(s)*

v.

YAZAM INC. d/b/a EMPOWER and JOSHUA SEAR as CHIEF EXECUTIVE OFFICER OF YAZAM INC. d/b/a EMPOWER

*Defendant(s)*

Civil Action No. 26-CV-03632

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* JOSHUA SEAR as CHIEF EXECUTIVE OFFICER OF YAZAM INC. d/b/a EMPOWER

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Steven Banks, Corporation Counsel of the City of New York
New York City Law Department
Attn: Jordan Schneider, Assistant Corporation Counsel
100 Church Street, New York, NY 10007
jschneid@law.nyc.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 07/07/2026

s/ G. Pisarczyk

*Signature of Clerk or Deputy Clerk*

Tammi M. Hellwig

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 26-CV-03632

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________________

______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK,

Plaintiff,

-against-

YAZAM INC. d/b/a EMPOWER and JOSHUA SEAR as CHIEF EXECUTIVE OFFICER OF YAZAM INC. d/b/a EMPOWER,

Defendants.

26-cv-3632

**COMPLAINT**

Plaintiff, by its attorney, STEVEN BANKS, Corporation Counsel of the City of New York, as and for its complaint against the defendants, allege, upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to, and by the authority of, Section 20(22) of the General City Law to permanently enjoin the defendants' violation of the licensing requirements (contained in Sections 19-504, 19-505, 19-506, 19-511, 19-528, and 19-548 of the New York City Administrative Code ["Admin. Code"] and Chapter 59 of Title 35 of the Rules of the City of New York ["RCNY"]).

## THE PARTIES

2. Plaintiff THE CITY OF NEW YORK ("the City") is a municipal corporation incorporated under the laws of the State of New York.

3. Defendant YAZAM INC. d/b/a EMPOWER ("Empower") is a duly-formed Delaware corporation that owns and operates "Empower – your ride, your way" and "Empower Driver," two smartphone applications (or "apps") that provide an unlicensed for-hire transportation service.

4. Defendant Joshua Sear ("Sear") is the founder and Chief Executive Officer and Director of YAZAM INC. d/b/a EMPOWER. Defendant Sear formed Empower in 2018. Upon information and belief, at all times relevant to this Complaint, acting alone or in concert with others, Defendant Sear has directed, controlled, had the authority to control, or participated in Empower's business operations in the City. Defendant Sear resides in Virginia and, in connection with the matters alleged herein, transacts or has transacted business in the City.

**VENUE**

5. Venue for this proceeding is in New York County, which is the county where plaintiff's principal officers are located and a county where Empower provides its "rideshare" transportation service in New York City.

**BACKGROUND FACTS AND APPLICABLE LAW**

6. Upon information and belief, Empower has been providing a "rideshare" transportation service through its smartphone applications since 2020 and currently operates in five locations: Baltimore, New York City, South Florida, Washington D.C., and Winston-Salem/Greensboro.

7. Upon information and belief, Empower began operating in New York City in 2022.

8. Empower advertises itself as an "alternative to Uber/Lyft." Empower employs the use of two different smartphone applications, a driver-side app, where drivers sign up to use Empower and pay a subscription fee to Empower, and a separate rider-side app that connects riders with drivers.

9. The purported "rideshare" transportation service operates by connecting passengers with an Empower driver and his/her independently-owned for-hire vehicle through a

smartphone application. This activity is for-hire transportation of passengers by a motor vehicle, an activity for which a license is required. See generally Admin. Code, Title 19, Chapter 5. Specifically, Empower serves as a for-hire vehicle base, otherwise known as a dispatcher, a position which requires licensure. See Admin. Code §§ 19-502(t), 19-502(u), 19-502(z), 19-502(ff), 19-502(gg), 19-511, 19-548. Because Empower has not obtained the proper licensure with TLC (or any TLC license), the agency is unable to confirm if dispatched drivers are TLC-licensed drivers operating TLC-licensed for-hire vehicles.

10. On May 10, 2022, Sherryl Eluto, then-Acting General Counsel and Deputy Commissioner for Legal Affairs at TLC sent a Cease and Desist Letter to defendant Joshua Sear, Chief Executive Officer ("CEO") of Empower stating, in part: "The service that you are providing, a dispatched for-hire ride, requires a for-hire vehicle base license as mandated by Sections 19-511 and 19-528 of the New York City Administrative Code. If you continue to operate an unlicensed business, TLC will proceed to enforcement; enforcement includes fines and the padlocking of an unlicensed base."

11. TLC conducted enforcement actions in 2022 and 2023 by having undercover officers book trips using Empower. Thirty-two (32) summonses were issued to Yazam Inc., d/b/a Empower. For each of the 32 summonses, no representatives from Yazam, Inc. or Empower appeared at the New York City Office of Administrative Trials and Hearings ("OATH") in response to the summonses and default orders were issued.

12. TLC conducted additional enforcement actions in February 2026, which resulted in sixty-three (63) summonses, nineteen (19) of which were issued to Yazam, Inc., d/b/a Empower and the remaining summonses were issued to the drivers of the vehicles and to the

Case 1:25-cv-03632-ER Document 23 Filed 07/08/25 Page 4 of 15

owners of the vehicles. No representatives from Yazam, Inc. or Empower appeared at OATH in response to the summonses that were scheduled for hearing in March 2026.

13. On March 12, 2026, the New York City Council Committee on Rules, Privileges, and Elections held a confirmation hearing for TLC's then Commissioner-nominee, Midori Valdivia. During the public testimony portion, Empower CEO Joshua Sear testified that in the week prior, Empower had dispatched over 100,000 rides in New York City and that this number continues to grow.

14. Specifically, Empower CEO Joshua Sear testified as follows:

> ". . . Empower provides drivers with software and support services that enable them to truly run their own businesses. Using our software, drivers set their own rates and get 100% of their hard-earned fares…**Last week alone, over 10,000 drivers using our software and services provided over a half a million rides to 150,000 riders. That includes over 100,000 rides in New York City. A number that is growing incredibly fast** . . . "

(Emphasis added).

15. Accordingly, Empower's ride volume now exceeds the threshold to qualify as a high-volume for-hire service ("HVFHV"), pursuant to Admin. Code §19-502(gg), by facilitating the dispatching of 10,000 or more trips in NYC in one day, for which the fine for being such a service without a license is $10,000 per day, pursuant to Admin. Code § 19-548(d).

16. On March 18, 2026, Sherryl Eluto, General Counsel and Deputy Commissioner for Legal Affairs at TLC sent a Cease and Desist Letter to defendant Empower CEO Joshua Sear stating:

> It has come to my attention that Yazam, Inc. d/b/a Empower ("Empower") is providing for-hire rides in New York City ("NYC"). Providing for-hire vehicle service in NYC requires licensure with the NYC Taxi and Limousine Commission ("TLC"). The vehicles, drivers, and the dispatching base must all be licensed.

> The service that you are providing, dispatching for-hire rides, requires a for-hire vehicle base license as mandated by NYC Administrative Code Sections 19-511, 19-528, and 19-548. If you continue to operate an unlicensed business, TLC will proceed to enforcement; enforcement includes fines, injunctive relief, and any other available/applicable civil or criminal remedies.
>
> Further, your recent comments at the March 12, 2026, hearing before the New York City Council suggest that Empower is providing a volume of weekly rides that would qualify it as a "high-volume for-hire service." You stated at the hearing, "last week alone, over 10,000 drivers using our software and services provided over half a million rides to 150,000 riders. That includes over 100,000 rides in New York City. A number that is growing incredibly fast." The volume of rides would subject Empower to additional licensure requirements pursuant to NYC Administrative Code Section 19-548.
>
> Additionally, you are putting the owners of the vehicles and the drivers of the vehicles that you are dispatching at risk of TLC enforcement. Enforcement includes fines, suspension and revocation of licenses, and seizure and forfeiture of vehicles.
>
> If the Empower app is not immediately deactivated within NYC and all dispatching of vehicles does not cease and desist, TLC will have no choice but to enforce relevant New York State, NYC Administrative Code, and TLC regulations against Empower, the dispatched vehicles, and the dispatched drivers.
>
> Since your operation is under TLC jurisdiction, TLC encourages you to reach out to our Licensing Division to discuss the application process for a For Hire Vehicle Base license, as either a High-Volume For-Hire Service or a Black Car Base.

17. Upon information and belief, Empower is soliciting drivers and their independently-owned vehicles to operate in New York City via its website, https://www.driveempower.com, based on its own standards and screening process.

18. Empower has not applied for a communications system license or base license with TLC for its so-called "rideshare" transportation service connecting passengers with

drivers and their independently owned for-hire vehicles through Empower pursuant to Admin. Code § 19-511, in violation of Admin. Code § 19-528.

19. Empower has also not applied for a high-volume for-hire service license with TLC for its so-called "rideshare" transportation service connecting passengers with drivers and their independently owned for-hire vehicles through Empower, despite, by its own admission, reaching the threshold of 10,000 dispatched trips in New York City per day, in violation of Admin. Code § 19-548.

**TLC's Licensing Requirements**

20. Admin. Code § 19-502(g) defines "for-hire vehicle," in relevant part, as "a motor vehicle carrying passengers for hire in the city, with a seating capacity of twenty passengers or less, not including the driver, other than a taxicab, coach, wheelchair accessible van, commuter van or an authorized bus operating pursuant to applicable provisions of law…."

21. Admin. Code § 19-502(gg) defines "High-volume for-hire service," in relevant part, as "an individual, partnership, limited liability company, business corporation, sole proprietorship or any combination of one or more individuals, partnerships, limited liability companies, business corporations or sole proprietorships operating under, or in affiliation with, one brand or trade name or a common brand, trade, business or operating name, that offers, facilitates or otherwise connects passengers to for-hire vehicles by prearrangement . . . utilizing software that allows a passenger or prospective passenger to arrange for transportation using a passenger-facing booking tool, including a smartphone or other electronic device, and that dispatches, or facilitates the dispatching of, 10,000 or more trips in the city in one day. Any and all bases using a common brand, trade, business or operating name will be considered together for purposes of determining whether they satisfy the definition of high-volume for-hire service."

22. The term "base station" is defined in Admin. Code §19-502(t) as "a central facility which manages, organizes or dispatches affiliated vehicles licensed under this chapter, not including luxury limousines or black cars."

23. The term "base" is defined in Admin. Code § 19-502(ff) as having "the same meaning as "for-hire base (or "base")" in subdivision ([g]) of section 59B-03 of title 35 of the rules of the city of New York, which states, "*For-Hire Base* (or "Base") is the Commission-licensed business for dispatching For-Hire Vehicles and the physical location from which For-Hire Vehicles are dispatched; a For Hire Base can be any of the following: (1) A Black Car Base, (2) A Livery Base (or Base Station), (3) A Luxury Limousine Base, (4) A High-Volume For-Hire Service."

24. Admin. Code § 19-504 sets forth the general provisions for the licensing of vehicles, requiring operators and drivers of taxicabs and other for-hire vehicles to obtain a taxicab or for-hire vehicle license for such vehicle before operating within the City. Vehicle licenses are issued for a term of not less than one nor more than two years. See Admin. Code § 19-504(a)(1).

25. It is unlawful for any person to permit another to operate or to knowingly operate or offer to operate for hire any vehicle as a for-hire vehicle in the city, without first obtaining or knowing that another [operator] has obtained a license for such vehicle pursuant to Admin. Code § 19-504. Admin. Code §19-506(b).

26. Admin. Code § 19-505 sets forth the general provisions for the licensing of drivers, requiring any person seeking to drive a for-hire vehicle to obtain the appropriate license from TLC. Admin. Code § 19-505(b) governs the requirements for applicants to obtain a license from TLC.

27. It is unlawful for any person, other than a person holding a for-hire driver's license pursuant to Admin. Code § 19-505 and a New York state class A, B, C or E license, neither of which is revoked or suspended, to drive or operate for-hire a licensed vehicle in the city. Admin. Code § 19-506(d).

28. Moreover, pursuant to Admin. Code § 19-511, "the operation of two-way radio or other communications systems used for dispatching or conveying information to drivers of licensed vehicles, including for-hire vehicles" requires a license. A base is required to hold a license as well. Admin. Code § 19-511(a).

29. An applicant for a Black Car Base License must pay an $1,500 fee for a three-year license and obtain a surety bond of five thousand dollars ($5,000), membership in the New York Black Car Operators' Injury Compensation Fund, Inc. or Workers' Compensation Insurance, submit business location information, dispatch app disclosure, franchise agreement approval from the New York Attorney General's office or a copy of the base's cooperative agreement/contract; and affiliate at least ten (10) vehicles, or five (5) vehicles if one (1) of the five (5) is a Wheelchair Accessible Vehicle ("WAV"). <u>See</u> Admin. Code § 19-511; NYS Exec. Law Art. 6-F; NYS Workers' Comp. Law § 11.

30. Empower has not applied for a license for the operation of its communications system of for-hire vehicles or for a license as a base.

31. Admin. Code § 19-548 sets forth the general provisions for the licensing of "high volume for-hire services." An applicant for a HVFHV license must submit a fee of $380,000 for a two-year license and proof of membership in New York Black Car Operators' Injury Compensation Fund, Inc. The application must also include the list of bases through which it previously dispatched trips, a business plan, an analysis of their environmental and local

transportation impacts on the City, a mitigation plan for negative impacts, and additional data related to fares, driver income, and other aspects of operation. See Admin. Code § 19-458; see also 35 RCNY § 59D-05.

32. It is unlawful for a high-volume for-hire service to operate without a license. Admin. Code § 19-548(a). "The penalty for operating a high-volume for-hire service without a valid license issued by the commission is $10,000 for each day such operation takes place…." Id. at § 19-548(d).

33. It is unlawful for any person required to be licensed pursuant to the provisions of Title 19, Chapter 5 of the Admin. Code to engage in any trade, business or activity for which a license is required, without such license. Admin. Code § 19-528.

34. Pursuant to its authority under the City Charter and the Admin. Code, TLC promulgated rules and regulations governing the legal requirements for the licensing of drivers of for-hire vehicles, for-hire vehicles, base owners, and high-volume for-hire services, as well as the standards of conduct of drivers of for-hire vehicles and for-hire vehicle specifications. These rules have been codified in RCNY Title 35, Chapters 59 and 80.

**AS AND FOR A FIRST CAUSE OF ACTION**

35. Plaintiff repeats and realleges, as fully as if set forth herein at length, the facts contained in paragraphs 1-34 above.

36. Absent the issuance of a license for "the operation of two-way radio or other communications systems used for dispatching or conveying information to drivers of licensed vehicles, including for-hire vehicles" pursuant to Admin. Code § 19-511, it is a violation of Admin. Code § 19-528(a) for any person to engage in operating a communications systems.

37. Neither Empower nor Sear have applied for, or obtained, a license for the operation of its communications system dispatching for-hire vehicles.

38. Accordingly, plaintiff seeks a declaration that Empower's "rideshare" transportation service is unlawful pursuant to Admin. Code § 19-528(a) absent a license for the operation of its communications system dispatching for-hire vehicles issued by TLC, and a permanent injunction enjoining and restraining the defendants, their agents, employees and/or representatives from promoting, operating, dispatching, facilitating, connecting passengers to for-hire vehicles by prearrangement using a passenger-facing booking tool, including a smartphone or other electronic device, or otherwise participating in its unlicensed for-hire transportation service in the City.

**AS AND FOR A SECOND CAUSE OF ACTION**

39. Plaintiff repeats and realleges, as fully as if set forth herein at length, the facts contained in paragraphs 1-34 above.

40. Absent the issuance of a base license pursuant to Admin. Code § 19-511, it is a violation of Admin. Code § 19-528(a) for any person to engage in any trade, business or activity for which a license is required without such license.

41. Neither Empower nor Sear have applied for, or obtained, a license for the operation of its base dispatching for-hire vehicles.

42. Accordingly, plaintiff seeks a declaration that Empower's "rideshare" transportation service is unlawful pursuant to Admin. Code § 19-528(a) absent a base license issued by TLC for its operation of dispatching for-hire vehicles, and a permanent injunction enjoining and restraining the defendants, their agents, employees and/or representatives from promoting, operating, dispatching, facilitating, connecting passengers to for-hire vehicles by prearrangement using a passenger-facing booking tool, including a smartphone or other

electronic device or otherwise participating in its an unlicensed for-hire transportation service in the City.

**AS AND FOR A THIRD CAUSE OF ACTION**

43. Plaintiff repeats and realleges, as fully as if set forth herein at length, the facts contained in paragraphs 1-34 above.

44. Absent the issuance of a high-volume for-hire service license pursuant to Admin. Code § 19-548(c), it is a violation of Admin. Code § 19-548(a) for any high-volume for-hire service to operate in New York City.

45. Empower is a high-volume for-hire service pursuant to Admin. Code § 19-502(gg).

46. Yet, neither Empower nor Sear have applied for or been issued a high-volume for-hire service license.

47. Accordingly, plaintiff seeks a declaration that Empower's "rideshare" transportation service is unlawful pursuant to Admin. Code § 19-548(a) absent the issuance of a high-volume for-hire license by TLC, and a permanent injunction enjoining and restraining the defendants, their agents, employees and/or representatives from promoting, operating, dispatching, facilitating, connecting passengers to for-hire vehicles by prearrangement using a passenger-facing booking tool, including a smartphone or other electronic device or otherwise participating in its an unlicensed for-hire transportation service in the City.

**AS AND FOR A FOURTH CAUSE OF ACTION**

48. Plaintiff repeat and reallege, as fully as if set forth herein at length, the facts contained in paragraphs 1-34 above.

49. Absent a license required pursuant to Title 19, Chapter 5 of the Admin. Code, it is a violation of Admin. Code § 19-528(a) insofar as Empower is engaging in a trade, business, or activity for which a license is required.

50. Neither Empower nor Sear have applied for any licenses before operating and providing for-hire transportation service in the City.

51. Accordingly, plaintiff seeks a declaration that Empower's transportation service is unlawful pursuant to Admin. Code § 19-528(a), absent applicable licenses required under Admin. Code for the operation of its for-hire transportation service, and a permanent injunction enjoining and restraining the defendants, their agents, employees and/or representatives from promoting, operating, dispatching, facilitating, connecting passengers to for-hire vehicles by prearrangement using a passenger-facing booking tool, including a smartphone or other electronic device or otherwise participating in its an unlicensed for-hire transportation service in the City.

**WHEREFORE,** plaintiff seeks a judgment

A. Declaring that Empower is providing for-hire vehicle transportation service and that such service is unlawful; and

B. Declaring that Empower's transportation service is unlawful pursuant to Admin. Code §§ 19-506 and 19-528; and

C. Declaring that Empower's transportation service is unlawful pursuant to Admin. Code § 19-528, absent a license for the operation of its communications system dispatching for-hire vehicles issued by TLC, pursuant to Admin. Code § 19-511; and

D. Declaring that Empower's transportation service is unlawful pursuant to Admin. Code § 19-528, absent a license for a base issued by TLC, pursuant to Admin. Code § 19-511; and

E. Declaring that Empower's transportation service is unlawful pursuant to Admin. Code § 19-548, absent a high-volume for-hire service license; and

F. Declaring that Empower is violating Admin. Code § 19-528 insofar as it is required to be licensed pursuant to Chapter 19 of the Administrative Code and its operation in New York City is engaging in a trade, business, or activity for which a license is required without such a license; and

G. Permanently enjoining the defendants, their agents, employees and/or representatives, from promoting, operating, dispatching, facilitating, connecting passengers to for-hire vehicles by prearrangement using a passenger-facing booking tool, including a smartphone or other electronic device, or otherwise engaging in the unlicensed Empower transportation service in violation of Admin. Code §§ 19-506, 19-511, 19-528, and 19-548, a license for the operation of its communications system dispatching for-hire vehicles, a license as a base issued by TLC, and a high-volume for-hire service license; and

H. Permanently enjoining the defendants, their agents, employees and/or representatives, from advertisement and solicitation of drivers for its transportation service in the City in violation of Administrative Code §§ 19-506, and 19-528, absent obtaining requisite base and/or HVFHV licenses issued by TLC, and

I. Awarding plaintiffs such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
March 27, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street
New York, NY 10007
(212) 356-2180

By: Jordan Schneider
Jordan Schneider
Spencer Jackson-Kaye
Assistant Corporation Counsels

**VERIFICATION**

**MICHELLE GOLDBERG-CAHN,** an attorney duly admitted to practice before the courts of the State of New York, affirms pursuant to Section 2106 of the Civil Practice Law and Rules ("CPLR") under the penalty of perjury, which may include fine or imprisonment, that the following is true, and understands that this document may be filed in an action or proceeding in a court of law:

I have been duly designated as Acting Corporation Counsel of the City of New York and, as such, I am an Officer of the City of New York, a plaintiff in the within action. I have read the foregoing complaint and know the contents thereof. I believe the same to be true upon information and belief.

The reason why this verification is not made by the City of New York is that it is a corporation. My belief as to all matters is based upon information obtained from various departments of the city government, from statements made to me by certain officers or agents of the City of New York, and from statements, affidavits or affirmations of other persons.

Dated: New York, New York
March 27, 2026

**MICHELLE GOLDBERG-CAHN**